UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RAEVON PARKER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:24-cv-01300-SPM |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on review of Plaintiff Raevon Parker's complaint. (ECF No. 1). The complaint is deficient because it was not submitted on the required form. Additionally, plaintiff has neither paid the required filing fee nor sought leave to proceed without paying the fee. The Court will order plaintiff to cure these deficiencies.

**Instructions for Amending the Complaint**

Plaintiff shall file an amended complaint on the enclosed "Prisoner Civil Rights Complaint" form. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms[.]"). The amended complaint must comply with the following instructions:

1. **Form and Legibility**: Plaintiff shall type or neatly print the amended complaint. If handwritten, the writing must be legible.

2. **Caption**: In the "Caption" section, plaintiff must:

    - Provide the case number as it appears on this order.

    - List the full names of all individuals or entities he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties[.]").

3. **Statement of Claim**: The "Statement of Claim" section must include:

   - A short and plain statement of the factual allegations supporting each claim. *See* Fed. R. Civ. P. 8(a).

   - Separate, numbered paragraphs, with each paragraph addressing a single set of circumstances. *See* Fed. R. Civ. P. 10(b).

   - A clear explanation of how each defendant's actions or omissions violated plaintiff's rights. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim").

   - Facts establishing each defendant's personal involvement in the alleged violations. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights").

   - Specific factual allegations, rather than conclusory statements or formulaic recitations of legal elements. *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017) ("A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.") (citation and quotation marks omitted).

4. **Capacity**: Plaintiff shall specify whether he sues each defendant in their individual capacity, official capacity, or both. Failure to do so may result in the dismissal of certain claims. *See Baker v. Chisom*, 501 F.3d 920, 923 (8th Cir. 2007).

5. **Joinder**: If plaintiff names multiple defendants, he may only assert claims that (1) arise out of the same transaction or occurrence, and (2) involve a common question of law or fact. *See* Fed. R. Civ. P. 20(a)(2). Unrelated claims against different defendants must be filed as separate lawsuits. However, if plaintiff names only a single defendant, he may assert as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

6. **Effect**: The amended complaint will completely replace the original complaint. Any claims not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005).

7. **Signature**: Plaintiff must fully complete and sign the amended complaint in compliance with Rule 11 of the Federal Rules of Civil Procedure.

## Filing Fee

Congress has mandated that federal courts collect a filing fee from any party instituting a civil action, suit, or proceeding. 28 U.S.C. § 1914. Courts may assess an initial partial filing fee for prisoners who demonstrate an inability to pay the full amount. 28 U.S.C. § 1915(b)(1).

Plaintiff has neither paid the $405 filing fee nor sought leave to proceed without prepaying fees or costs. Plaintiff shall either pay the filing fee or return the enclosed application within thirty (30) days of the date of this order. *See* E.D.Mo. L.R. 2.01(B). If plaintiff opts to return the application, he shall also provide a certified copy of his inmate account statement for the six months immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2).

3

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's "Prisoner Civil Rights Complaint" form (MOED-0036) and the Court's "Application to Proceed in District Court Without Prepaying Fees or Costs" form (MOED-0046).

**IT IS FURTHER ORDERED** that plaintiff shall complete the "Prisoner Civil Rights Complaint" form and return it to the Court **within thirty (30) days** of the date of this order. The amended complaint must comply with the instructions set forth herein.

**IT IS FURTHER ORDERED** that **within thirty (30) days** of the date of this order, plaintiff shall either pay the $405 filing fee or return a fully completed "Application to Proceed in District Court Without Prepaying Fees or Costs." If plaintiff opts to return the application, he shall provide a certified copy of his inmate account statement for the six months immediately preceding the filing of his complaint. *See* 28 U.S.C. § 1915(a)(2).

Failure to comply with this order will result in the dismissal of this action without prejudice and without further notice to plaintiff.

Dated this 11th day of December, 2024.

_____
SHIRLEY PADMORE MENSAH
UNITED STATES MAGISTRATE JUDGE